[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Commission for Human Rights made and entered on September 11, 1985. The appeal, and jurisdiction in this Superior Court, is pursuant to § 42-35-15,R.I.G.L.
I
CASE TRAVEL
On April 17, and 19, 1984 a Preliminary Investigation Commissioner, after investigative review of a complaint filed with the Commission for Human Rights, (Commission) found that there was probable cause to believe that Chase Foods, Inc. and Lane Foods, Inc., both doing business as Gregg's Restaurant (Gregg's), had committed an unlawful employment practice §28-5-7 R.I.G.L., by not hiring the complainant, as a cook in February 1983, because of his race and color. On April 20, 1984 Eugene L. Booth, in his capacity as Executive Director of the Commission filed the complaint against Gregg's and with that complaint, a notice of hearing date thereon. Gregg's duly responded to the complaint by filing an answer thereto in which it denied all allegations of any unlawful employment practice and, in addition, filed a motion to dismiss the complaint. A hearing on the complaint was held before a Commission Hearing Officer on November 1, 1984. Some eleven months later, on September 11, 1985, the Decision and Order that serves as the subject matter of this appeal was entered by the Hearing Officer.
On October 8, 1985, pursuant to, and within the time required by § 45-35-15 R.I.G.L. Gregg's filed its appeal to this Superior Court. That appeal-complaint was later amended and filed on December 7, 1985. No answer to that amended complaint was ever filed as required by R.C.P. 15. Notwithstanding, some two plus years later, on February 24, 1988, counsel moved to assign the appeal for hearing. On March 16, 1988, another justice of this Court granted the motion to assign the appeal for hearing, and in his Order granting same, set out a briefing schedule and specifically ordered counsel to file a certificate of compliance with his briefing schedule order. Counsel by stipulation, agreed to enlarge the previously court set schedule on three separate occasions, but never filed the previously ordered certificate of compliance. Accordingly, the Clerk's Office was unaware of scheduled briefing compliance, and the case was transferred to the storage archives. Finally, on January 30, 1992, counsel for the original complainant requested assignment of the appeal for hearing, and notified the court that the required briefs had in fact been filed. On February 7, 1992 the appeal was assigned to this Court for decision. That decision is now made and entered.
II
DECISION
A careful review of the record certified to this Court by the Commission discloses that on April 27, 1984 Gregg's counsel filed with his Answer to the Commission's complaint, a Motion to Dismiss. (Certified Record p. 9) That Motion to dismiss was never ruled upon by the Commission Hearing Officer, and, counsel have never requested or briefed the reasons for that Motion, or requested ruling thereon. Had such a request been made, this appeal could have long ago been summarily disposed of.
The Commission's Complaint (Certified Record p. 1) clearly outlines and states that the alleged unlawful employment practice on the part of Gregg's took place prior to April, 1984. In fact, the Commission hearing transcript reveals clearly that the alleged unlawful employment practice occurred, if at all, between late December 1982 and March 1983. (Hearing Transcript, p. 49,51, 57, 77, 110, 116-122, 127, 138, 141)
§ 28-5-18 R.I.G.L. provides as follows in pertinent part:
 ". . . Any complaint issued pursuant to this section must be so issued within one (1) year after the alleged unfair employment practices occurred or have been applied to affect adversely the person aggrieved, whichever is later."
The Commission complaint against Gregg's alleged an unlawful employment practice which occurred between December 1982 and March 1983. The alleged unlawful employment practice was not investigated by the Commission's Preliminary Investigating Officer until April 17 and 19, 1984. The formal complaint, the subject matter of this case and appeal, was filed by the Commission's Executive Director. Eugene L. Booth on April 20, 1984, which was weeks after the statutory period of limitations for filing such a complaint had expired. Ferguson Perforating Wire Co. v. Rhode Island Commission for Human Rights; RoadwayExpress, Inc. v. Rhode Island Commission for Human Rights,416 A.2d 673 (1980). The legislative amendment to § 28-5-18 byP.L. 1991, Ch. 135 and P.L. 1991, Ch. 343 which incorporated into that section the so called "continuing violation theory" is of no assistance to the Commission on the clear facts regarding when the original complainant in this case was adversely affected and aggrieved. Fricher v. Town of Foster, 596 F. Supp. 1353
at 1359 (1984).
Accordingly, the plaintiff appellant's appeal is sustained. Its Motion to Dismiss is granted. The Commission's decision made and entered on September 11, 1985 is reversed. This Court finds that substantial rights of the appellant have been prejudiced in that the Commission acted in access of its statutory authority and its decision is hereby affected by error of law. § 42-35-15R.I.G.L.
Counsel shall prepare an appropriate judgment for entry by the Court within twenty (20) days.